**CV 11-0326**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
HILDEGARD PERLMAN

                                                      **COMPLAINT**

        Plaintiff,

        -against-

FIDELITY INVESTMENTS INSTITUTIONAL SERVICES
COMPANY, INC., AMERIPRISE FINANCIAL SERVICES INC.
and JONATHAN BLASS, EXECUTOR and TRUSTEE Under
Last Will and Testament of NORMAN PERLMAN
        Defendant,
-----------------------------------------------------------------------X

**SUMMONS ISSUED**

**BIANCO, J.**

**BOYLE, M.J.**

           **BROOKLYN OFFICE**

        Plaintiff HILDEGARD PERLMAN by her attorneys, McLAUGHLIN & STERN, LLP, as and for her COMPLAINT, upon information and belief, alleges the following:

### PRELIMINARY STATEMENT

        HILDEGARD PERLMAN, the surviving spouse of NORMAN PERLMAN, and the statutory beneficiary of a retirement account governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), brings this action for declaratory and injunctive relief against FIDELITY INVESTMENTS INSTITUTIONAL SERVICES COMPANY, INC., AMERIPRISE FINANCIAL SERVICES INC., and JONATHAN BLASS, EXECUTOR and TRUSTEE under the Last Will and Testament of NORMAN PERLMAN, to seek redress for the improper transfer of retirement funds subject to the rules and restrictions of ERISA to an account not covered by ERISA, resulting in the denial of her statutorily provided survivorship benefits. ERISA contains a series of provisions designed to protect the rights of the spouses of plan members to the assets held, inter alia, under Money Purchase plans, Keogh plans, defined contribution plans and defined benefit plans. Plaintiff now seeks a judgment pursuant to ERISA Section 502(a) (3), 29

U.S.C. 1132 declaring that (1) HILDEGARD PERLMAN, as the decedent's surviving spouse, is entitled to receive a qualified joint and survivor annuity ("QJSA") from the assets previously held in an ERISA qualified account and improperly transferred into an account not covered by the rules of ERISA, and (2) the Nassau County Surrogate's Court lacks the subject matter jurisdiction necessary to adjudicate the proper beneficiary of the assets previously held in a qualified Money Purchase Keogh account (and, hence, subject to the rules of ERISA), notwithstanding that an action has been filed in that court by the decedent's daughter, Wendy Perlman ("Wendy") seeking distribution of such assets to a trust for her personal benefit. Plaintiff also seeks an equitable remedy enjoining AMERIPRISE from distributing the assets at issue in contravention of HILDEGARD PERLMAN'S spousal survivorship rights and to any person other than the Plaintiff.

## JURISDICTION AND VENUE

1. This action arises under the laws of the United States, specifically Section 502(a) (3) of ERISA, 29 U.S.C. §1132(a) (3). Pursuant to Section 502(e) (1) of ERISA, 29 U.S.C. §1132(e) (1), jurisdiction is therefore conferred on this Court.

2. Venue is proper within this District pursuant to 28 U.S.C. § 1391, because the defendants regularly conduct business with the Eastern District of New York. Venue is conferred on this Court pursuant to Section 502(e) (2) of ERISA, 29 U.S.C. § 1132 (c) (2).

## PARTIES

3. Plaintiff HILDEGARD PERLMAN, née Sudikoff ("Plaintiff" or "HILDEGARD") is the surviving spouse of an ERISA plan participant. HILDEGARD is a plan beneficiary as defined under ERISA and a citizen and resident of the State of New York, residing in Woodmere, NY.

4. Defendant FIDELITY INVESTMENTS INSTITUTIONAL SERVICES COMPANY, INC., ("FIDELITY") is a Massachusetts corporation with its principal place of business in Massachusetts. It is registered to do business in New York. Between the dates of 2001 and 2007, FIDELITY held an ERISA qualified Money Purchase Keogh account for Norman's benefit and of which Norman was the custodian.

5. Defendant AMERIPRISE FINANCIAL, INC. ("AMERIPRISE") is a Delaware corporation with its principal place of business in Minnesota. It is registered to do business in New York. In 2007, the assets held in the Keogh account at FIDELITY were improperly transferred to an IRA account in Norman Perlman's name which AMERIPRISE continues to maintain.

6. Defendant JONATHAN BLASS ("BLASS") is the executor and trustee under the Last Will and Testament of Norman Perlman, Plaintiff's deceased husband and former plan participant, and was acting in such capacity at all times relevant herein.

## FACTS ON WHICH CAUSES OF ACTION ARISE

7. In 2001, HILDEGARD Sudikoff married Norman Perlman. At the time of the parties' marriage, Norman was a participant in a Money Purchase Keogh Plan ("Keogh") (Acct # 475-684929) maintained at FIDELITY.

8. Norman's Keogh was defined as a "qualified" plan under Section 401(a) of the Internal Revenue Code of 1986, as amended ("I.R.C.") and subject to ERISA.

9. Upon marrying Norman, HILDEGARD acquired spousal survivorship rights to Norman's Keogh pursuant to Section 502 of ERISA. Specifically, pursuant to Section 205 of ERISA, Plaintiff is entitled to a QJSA from the plan assets upon the death of Norman Perlman.

3

10. As of January 2007, the Keogh contained assets with a value of approximately $1,400,000.

11. On January 22, 2007, while still married to HILDEGARD, Norman transferred the funds from his Keogh held at FIDELITY into a non-qualified IRA account maintained by AMERIPRISE.

12. Under ERISA, this transfer of funds should not have been made without the spousal consent of HILDEGARD, whose rights to a QJSA were fixed pursuant to Section 205 of ERISA. Accordingly, such transfer was, on its face, invalid.

13. Neither FIDELITY nor AMERIPRISE obtained the required spousal consent from HILDEGARD for the transfer of the funds on January 22, 2007, nor is there any other spousal consent from HILDEGARD on record.

14. Thereafter, on February 15, 2007, while still married to HILDEGARD, Norman executed a "Transfer on Death Account Agreement" with AMERIPRISE designating as beneficiary "The trust under my last will and testament". Inasmuch as the assets originally held in the Keogh were not validly transferred due to the absence of a valid spousal consent or waiver, the Transfer on Death Account Agreement was likewise invalid since it required HILDEGARD'S consent.

15. Again, HILDEGARD neither consented to such Transfer on Death Account Agreement nor signed any document during their marriage consenting to such beneficiary designation as required by statute.

16. By transferring funds from the Keogh to the IRA, and by designating new beneficiaries without HILDEGARD'S consent, FIDELITY, AMERIPRISE, and Norman violated key provisions of ERISA designed to protect spouses by ensuring their rights to the plan assets of their participating spouse.

17. On August 2, 2010, Wendy, brought a petition before the Surrogate's Court, Nassau County, asking the Court to designate a testamentary trust as the sole beneficiary of the assets in Norman's IRA held by AMERIPRISE.

18. On November 10, 2010 HILDEGARD, in response to Wendy's order, moved to dismiss the action in the Surrogate's Court for lack of subject matter jurisdiction since the adjudication of the proper beneficiary of the ERISA-protected assets falls within the exclusive jurisdiction of the federal court pursuant to Section 514 of ERISA which provides that any state law and/or Court order relating to an employee benefit plan is preempted. Section 514(a) of ERISA, 29 U.S.C. 1144. Plaintiff's motion to dismiss is still pending.

## AS AND FOR A FIRST CLAIM FOR RELIEF
(Declaratory judgment- Plaintiff is entitled to survivorship benefits)

19. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "18" as if set forth in full herein.

20. Upon marrying Norman, HILDEGARD obtained spousal survivorship rights in and to Norman's Keogh account, a qualified defined benefit plan, governed by ERISA.

21. Under the Keogh, HILDEGARD had spousal survivorship rights to the funds therein.

22. HILDEGARD never executed any waiver while she was married as required by statute and is therefore still entitled to survivorship rights to the assets previously held in Norman's Keogh account and currently held by AMERIPRISE.

23. Pursuant to Section 502(a)(3)(B) of ERISA, Plaintiff is entitled to declaratory judgment stating that, as the plan member's surviving spouse, she is entitled to the assets held in the IRA.

## AS AND FOR A SECOND CLAIM FOR RELIEF
(Declaratory judgment- Surrogate's Court Does Not Have Jurisdiction)

24. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "18" and "20" through "23" as if set forth in full herein.

25. Decedent's daughter, Wendy, brought an action in the Surrogate's Court, Nassau County, to enjoin AMERIPRISE from distributing the funds to HILDEGARD.

26. Since HILDEGARD never waived her spousal survivorship rights to the funds which are currently held in the IRA now maintained by AMERIPRISE, those funds are subject to ERISA.

27. Any determination as to the parties' right to these funds is within the exclusive jurisdiction of the federal courts pursuant to ERISA's preemption provision which supersedes any and all state laws relating to an employee benefit plan. Section 514(a) of ERISA, 29 U.S.C. 1144.

28. Surrogate's Court, Nassau County does not have concurrent jurisdiction over this matter.

29. Plaintiff requests a declaratory judgment declaring that any adjudication of the proper beneficiary of the assets at issue is preempted by Section 514 of ERISA and that the Surrogate's Court does not have jurisdiction.

## AS AND FOR A THIRD CLAIM FOR RELIEF
(Injunctive Relief)

30. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "18", "20" through "23" and "25" through "29" as if set forth in full herein.

31. HILDEGARD has an actionable claim to the assets now held in Norman's IRA which falls within the exclusive jurisdiction of the federal courts.

32. In accordance with Section 502 of ERISA, 29 U.S.C. § 1132 (3) the Court may, <u>inter alia</u>, enjoin any act or practice which violates the term of a plan or direct other appropriate relief to enforce the terms of the plan.

33. HILDEGARD does not have an adequate remedy at law which will allow her to receive the assets in the manner set forth under ERISA.

34. The Plaintiff seeks an injunction preventing AMERIPRISE from distributing the funds in violation of Section 205 of ERISA to any person other than HILDEGARD.

35. Pursuant to Section 205 of ERISA, Plaintiff is entitled to injunctive relief preventing AMERIPRISE from distributing the assets in the IRA to anyone other than HILDEGARD.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests that judgment be granted:

a.   On the FIRST Cause of Action a declaratory judgment declaring that HILDEGARD is entitled to survivorship rights of the assets held in the IRA.

b.   On the SECOND Cause of Action a declaratory judgment declaring that the Surrogate's Court does not have jurisdiction over the distribution of the assets at issue.

c.   On the THIRD Cause of Action an injunction restraining defendants from distributing the assets to anyone other than HILDEGARD.

d.   On the FIRST, SECOND and THIRD Cause of Action, attorneys' fees and costs pursuant to ERISA Section 502(g) (2) (D), 29 U.S.C. § 1132 (g) (1) and for such other legal or equitable relief as this Court deems appropriate.

Dated:   New York, New York
         January 21, 2011

McLAUGHLIN & STERN, LLP

By: _____
Steven J. Hyman (2097)
Rachel D. Nicotra (6770)
260 Madison Avenue
New York, NY 10016
(212) 448-1100